**Connie F. MILTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 66373.

Court of Criminal Appeals of Texas, En Banc.

July 6, 1983.

Weldon Holcomb, Tyler, for appellant.

Hunter Brush, Dist. Atty. and Jim Walker, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

Appellant was convicted for theft of $201.00 of United States currency. The

jury assessed punishment at confinement for four years and one day.

In his sole ground of error appellant complains that the charge of the court inadequately applied the law to the facts. Alleging the evidence showed the theft was accomplished by deception, if at all, he contends that in such cases "the Court must fully instruct the jury in the method and means of deception or advise the jury in regard to deception and/or the means of the commission of the alleged theft fully."[1]

The charge authorized conviction if the jury found from the evidence beyond a reasonable doubt that appellant "unlawfully appropriate[d] from Cathy Johnson, the owner, property, to-wit: lawful United States Currency of the value of Two Hundred One ($201.00) Dollars or more without the effective consent of said owner, with intent to deprive the said owner of said property..." Appellant concedes "that a conviction for Theft by False Pretext or Theft by Deception may be sustained under a straight theft (plain stealing) Indictment." See V.A.T.S. Penal Code, § 31.02. (Consolidation of Theft Offenses). However, he contends that the charge in this case failed to inform the jury "what is required for a conviction for the offense charged in the Indictment."

The indictment alleged that appellant "unlawfully appropriate[d] property, to-wit: United States Currency of the value of $201.00 from Cathy Johnson without the effective consent of Cathy Johnson, the owner thereof, and with intent to deprive said owner of said property...."[2] The trial court correctly charged the jury on the theory alleged in the indictment, *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979), and included in the application paragraph, as shown above, all the elements of theft under § 31.03, supra. See *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1976) (Opinion on Rehearing). Employing language from § 31.01, supra, the court also adequately defined "appropriate," "effective consent" and "deception."[3] The method or means by which a defendant unlawfully appropriates property is not an element of the offense of theft under § 31.03, supra, and it need not be included in the paragraph applying the law to the facts. Appellant's sole ground of error is overruled.

The judgment of conviction is affirmed.

---

1. Appellant cites McClung, Jury Charges for Texas Criminal Practice, pp. 114–115 (Rev.Ed. 1979).

2. No attack is made on the indictment.

3. The definitions appear in the charge as follows:

   " 'Appropriate' as used herein means to acquire or otherwise exercise control over personal property. *Appropriation of property is unlawful if it is without the owner's effective consent.*" [Emphasis added]

   " 'Effective consent' as that term is here used, means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. *Consent is not effective if induced by deception.*" [Emphasis added]

   " 'Deception' means creating or confirming by words or conduct a false impression of fact that is likely to affect the judgment of another in the transaction, and that the person creating the impression does not believe to be true. It also means failing to correct a false impression of fact that is likely to affect the judgment of another in the transaction which impression of fact the person charged previously created or confirmed by words of conduct and which he does not now believe to be true."