ACCEPTED
03-14-00595-CR
4634405
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/25/2015 11:14:55 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00595-CR

COURT OF APPEALS

FOR THE

AUSTIN SUPREME JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/25/2015 11:14:55 AM
JEFFREY D. KYLE
Clerk

ANDREW ELON GARRAWAY,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

APPEAL FROM
THE 22ND JUDICIAL DISTRICT COURT
HAYS COUNTY, TEXAS
TRIAL COURT CAUSE NO. CR-11-0925

**STATE'S BRIEF**

ORAL ARGUMENT IS
NOT REQUESTED

Ben Moore
Asst. Criminal District Attorney
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
Ph: (512) 393-7600 / Fax: (512) 393-2246
State Bar No. 24042522
benjamin.moore@co.hays.tx.us
Attorney for the State of Texas

## NAMES OF PARTIES

Appellee:                          State of Texas

Attorneys for the State:           Wesley H. Mau, Hays County District Attorney
    At trial:              Ben Moore, Assistant Criminal District Attorney
    On appeal:             Ben Moore
                                   Asst. Criminal District Attorney
                                   Katie McVaney
                                   Asst. Criminal District Attorney
                                   712 S. Stagecoach Trail, Suite 2057
                                   San Marcos, Texas 78666


Appellant:                         Andrew Elon Garraway

Attorneys for Appellant:
    At trial:              David S. Watts
                                   174 S. Guadalupe Street, Suite 101
                                   San Marcos, Texas 78666-5567

    On appeal:             Ellic Sahualla
                                   600 West 13th Street
                                   Austin, Texas 78710

# TABLE OF CONTENTS

NAMES OF PARTIES ................................................................................................ii

TABLE OF CONTENTS ...........................................................................................iii

INDEX OF AUTHORITIES......................................................................................iv

STATEMENT OF THE CASE ....................................................................................2

STATEMENT OF FACTS............................................................................................3

ISSUES PRESENTED..................................................................................................3

ARGUMENT .................................................................................................................4

  STATE'S RESPONSE TO POINT OF ERROR I................................................4
    THEFT IS A LESSER INCLUDED OFFENSE OF BURGLARY OF A HABITATION.

  STATE'S RESPONSE TO POINT OF ERROR II................................................8
    THE JURY CHARGE PROPERLY ALLEGED THE THEFT ELEMENTS.

  STATE'S RESPONSE TO POINT OF ERROR III.............................................10
    BUSINESS RECORDS AND SUMMARIES WERE PROPERLY ADMITTED.

  STATE'S RESPONSE TO POINT OF ERROR IV.............................................12
    THE COURT DID NOT ADMIT HEARSAY THROUGH THE CODEFENDANT TESTIFYING ABOUT CONSENT TO ENTER HABITATIONS.

  STATE'S RESPONSE TO POINT OF ERROR V ..............................................13
    THE DETECTIVE'S TESTIMONY TO WHOM AND HOW HE RETURNED STOLEN PROPERTY WAS NOT HEARSAY.

  STATE'S RESPONSE TO POINT OF ERROR VI.............................................14
    THE EVIDENCE WAS LEGALLY SUFFICIENT TO CONVICT GARRAWAY OF THEFT OF PROPERTY VALUED AT $1,500.00 OR MORE BUT LESS THAN $20,000.00.

CONCLUSION..............................................................................................................16

PRAYER .......................................................................................................................16

CERTIFICATE OF COMPLIANCE WITH TEX.R.APP.PROC.,
RULE 9.4 ......................................................................................................................17

CERTIFICATE OF SERVICE .................................................................................17

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Crawford v. Washington*, 541 U.S. 36 (2004). .................................................13

## STATE CASES

*Berg v. State*, 747 S.W.2d 800 (Tex. Crim. App. 1988)....................................9

*Bonner v. State*, 820 S.W.2d 25 (Tex. App.—Houston [14th Dist.] 1991).........................................................................................7

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)...............................14

*Crocker v. State*, 573 S.W.2d 190 (Tex. Crim. App. 1978).............................12

*Evans v. State*, 606 S.W.2d 880 (Tex. Crim. App. 1980)...................................8

*Ex parte Sewell*, 606 S.W.2d 924 (Tex. Crim. App. 1980)................................6

*Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007). ...................................4

*Kellar v. State*, 108 S.W.3d 311 (Tex. Crim. App. 2003). ..............................10

*Kent v. State*, 447 S.W.3d 408 (Tex. App.—Houston [14th Dist.] 2014) (pet. granted)...........................................................................9

*Langs v. State*, 183 S.W.3d 680 (Tex. Crim. App 2006).....................................4

*Martinez v. State*, 327 S.W.3d 727 (Tex. Crim. App. 2010)...........................10

*McClain v. State*, 687 S.W.2d 350 (Tex. Crim. App. 1985). .............................9

*Milton v. State*, 652 S.W.2d 958 (Tex. Crim. App. 1983).................................9

*Mitchell v. State*, 137 S.W.3d 842 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd)..............................................................................5

*Ramirez v. State*, 422 S.W.3d 898 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). ............................................................................8

*Shelby v. State*, 2007 WL 2141291 (Tex. App.—Austin 2007)..........................5

*Tapps v. State*, 257 S.W.3d 438 (Tex. App. —Austin 2008, pet. granted)................................................................................12

*Williams v. State*, 314 S.W.3d 45, 53 (Tex. App.—Tyler 2010)....................................7

*Young v. State*, 621 S.W.2d 779 (Tex. Crim. App. 1981)...............................................8

**STATE STATUTES**

TEX. CODE CRIM. PROC. ANN. ART. 37.09 ....................................................................4

TEX. CODE CRIM. PROC. ART. 38.39. ..........................................................................15

TEX. PENAL CODE ANN. § 30.02 ................................................................................5

TEX. PENAL CODE ANN. § 31.03 (A)(1). ...................................................................6

TEX. R. EVID. 1006. ..............................................................................................11, 12

TEX. R. EVID. 801 ...............................................................................................13, 14

TEX. R. EVID. 803(6). .....................................................................................10, 11, 12

NO. 03-14-00595-CR

COURT OF APPEALS
FOR THE
AUSTIN SUPREME JUDICIAL DISTRICT

ANDREW ELON GARRAWAY,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

APPEAL FROM
THE 22ND JUDICIAL DISTRICT COURT
HAYS COUNTY, TEXAS
TRIAL COURT CAUSE NO. CR-11-0925

**STATE'S BRIEF**

TO THE HONORABLE JUSTICE OF THE COURT OF APPEALS:

COMES NOW the State of Texas, by and through her Assistant District Attorney, Ben Moore, and files this State's Brief pursuant to Texas Rules of Appellate Procedure 38.2 and would show the Court the following:

## STATEMENT OF THE CASE

The Grand Jury of Hays County indicted Andrew Elon Garraway ("Garraway") on November 22, 2011.[1] The indictment consisted of twenty counts of Burglary of Habitation with intent to commit theft, did attempt to commit theft, and did commit theft.[2] Two counts were abandoned by the State.

On April 10, 2014, a jury trial began.[3] The jury found Garraway not guilty on all counts.[4] The jury found Garraway guilty of the lesser-included offense of theft, $1,500 or more, but less than $20,000 on April 21, 2014.[5]

On June 19, 2014, the Court pronounced Garraway's punishment.[6] Garraway was sentenced to the Texas Department of Criminal Justice's Institutional Division for 2 years for the lesser-included offense of theft and was fined $1,500, to be paid joint and severally.[7] Garraway appeals his conviction. A notice of appeal was filed on September 12, 2014.[8] Appellant's brief was filed on January 16, 2015.

---

[1] CR 4.
[2] CR 4-7.
[3] 2 RR 4.
[4] 7 RR 67.
[5] 7 RR 67.
[6] 8 RR 4.
[7] 8 RR 4-5.
[8] CR 73.

## STATEMENT OF FACTS

The defendant testified and admitted to all elements except for entry into the habitation.[9] The State further adopts the Appellant's Statement of Facts.

## ISSUES PRESENTED

Theft is a lesser included offense of burglary of a habitation by entering and committing theft. All the facts and elements required to prove theft are required to prove the charged offense of burglary of a habitation by entering and committing theft.

Business records are properly used as evidence as an exception to the hearsay rule when proved by testimony from any qualified person, including a law enforcement officer and pawn shop employee. The trial court did not abuse its discretion when he admitted the authenticated records. When business records are voluminous, the trial court has the discretion to admit summaries to aid the jury in using the records.

Witnesses are allowed to testify to what they did, how they did what they did, and why. This testimony is not hearsay.

In a trial, evidence legally sufficient to prove elements may come from many different witnesses, proving different required elements. No one person is required to offer evidence to any specific element, and a jury is allowed to make their decision

---

[9] 6 RR 76–111.

from all the evidence. The jury determined the witnesses' credibility and gave the appropriate weight to the evidence. The jury properly found the defendant guilty based on the totality of evidence.

## ARGUMENT

### STATE'S RESPONSE TO POINT OF ERROR I

THEFT IS A LESSER INCLUDED OFFENSE OF BURGLARY OF A HABITATION.

Appellant erroneously claims in his first issue that theft is not a lesser included offense of burglary. An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.[10] The elements of the offense actually charged must be compared to the statutory elements of the possible lesser included offense.[11] The Court of Criminal Appeals came to the same conclusion with burglary and separate felonies committed within the burglaries. In *Langs v. State*,[12] the court used the *Blockburger* test to determine if the underlying felonies in burglaries were lesser included offenses:

> It is well-settled that a defendant may not be punished for both the underlying felony and burglary if the burglary allegation is that the defendant entered a home without the consent of the owner and *then* committed the underlying felony within the home as defined in § 30.02(a)(3). [....] Under *Blockburger*, burglary under Section 30.02(a)(3) requires proof of a fact that the felony

---

[10] TEX. CODE CRIM. PROC. ANN. ART. 37.09 (West 2006).
[11] *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007).
[12] *Langs v. State*, 183 S.W.3d 680 (Tex. Crim. App 2006).

charge does not, namely, entry without consent. However, to prove the burglary charge, the State must prove all of the elements of the underlying felony. Thus, the felony offense would not require proof of an additional element that the burglary offense does not also require.[13]

This Court of appeals has come to a similar conclusion in *Shelby v. State*.[14] To prove burglary of a habitation, the State must show that the defendant entered a habitation and committed a felony, theft or assault.[15] In the current case, all counts within the indictment stated "did enter a habitation without the effective consent of [victim], the owner thereof, with intent to commit theft, did attempt to commit theft, and *did commit theft*.[16] In *Mitchell v. State*, the defendant was charged with burglary of a habitation by entering and *committing and attempting to commit the felony offense of aggravated assault*.[17] He pled guilty without a plea bargain to the underlying aggravated assault with a deadly weapon. He was sentenced and appealed. The Court determined that aggravated assault with a deadly weapon was a lesser-included offense of burglary.[18] The Court pointed out that the same facts would have to be proven for aggravated assault and burglary by entering and committing aggravated assault.[19]

---

[13] *Id* at 686.

[14] *Shelby v. State*, 2007 WL 2141291 (Tex. App.—Austin 2007) (not designated for publication) (holding a conviction for burglary of a habitation by the commission of an assault and conviction for the underlying assault create a double jeopardy violation).

[15] TEX. PENAL CODE ANN. § 30.02 (West 2011).

[16] (CR 4) (emphasis added).

[17] *Mitchell v. State*, 137 S.W.3d 842 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

[18] TEX. PENAL CODE ANN. § 30.02(a)(3).

[19] *Id.*

To prove theft, the State must show that the defendant unlawfully appropriated property with intent to deprive the owner of said property.[20] When theft amounts are obtained pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the amounts may be aggregated in determining the grade of theft.[21]

In the present situation, like the *Langs* case, burglary under Texas Penal Code Ann. § 30.02(a)(3) requires proof of a fact that the theft charge does not, namely, entry without consent. To prove the burglary by entering and committing theft, the State had to prove all the elements of the underlying theft. Therefore, theft is a lesser included offense.

The Texas Court of Criminal Appeals has stated theft is a lesser included offense of burglary, but only when it is an element of the burglary, and not when burglary is charged as burglary with the intent to commit theft.[22] *Dixon v. State* cites *Ex parte Sewell* for the proposition that theft may be a lesser included offense of burglary of a habitation if the theft is alleged.[23] However, Dixon misreads *Ex parte Sewell* to require a burglary indictment to allege the value of the items along with their description.[24] Before 1973, an indictment for burglary of a habitation had to

---

[20] TEX. PENAL CODE ANN. § 31.03 (A)(1).
[21] *Id.*
[22] *Ex parte Sewell*, 606 S.W.2d 924 (Tex. Crim. App. 1980).
[23] *Dixon v. State*, 43 S.W.3d 548, 551 (Tex. App.—Texarkana 2001, no pet.).
[24] *Id.*

allege all the elements of the theft in the indictment.[25] *Sewell* discusses a 1955 burglary indictment.[26] Since the new adoption of the Penal Code of 1973, the State is now only required to allege the accused committed theft.[27]

Other Courts of Appeal have held similarly in aggravated robbery cases. In *Bonner v. State*, the Court affirmed the denial of Appellant's request for a lesser included offense on theft in an aggravated robbery case because: "Appellant presented no other evidence at trial, nor did the State, as to the value of the property stolen which is a required element of class-A misdemeanor theft. As a result, appellant could not have been found guilty of class-A misdemeanor theft which must be shown to meet the second prong of the Royster test."[28] In *Williams v. State*, the Court found error in the trial court's denial of the requested instruction on the lesser included offense of theft in an aggravated robbery case, despite that fact that the indictment did not allege the description or value of the stolen items.[29] The court held that it was harmful error because the evidence showed the value of the property would have fallen in the misdemeanor range.[30]

---

[25] *Gonzales v. State*, 517 S.W. 2d 785 (Tex. Crim. App. 1975), *Ex parte Donohue*, 602 S.W.2d 265 (Tex. Crim. App. 1980 ); *Mitchell v. State,* 37 S.W.2d 1018 (1931).
[26] *Ex parte Sewell,* at 924.
[27] *Davila v. State*, 547 S.W.2d 606 (Tex. Crim. App. 1977).
[28] *Bonner v. State*, 820 S.W.2d 25, 27 (Tex. App.—Houston [14th Dist.] 1991).
[29] *Williams v. State*, 314 S.W.3d 45, 53 (Tex. App.—Tyler 2010).
[30] *Id.*

In *Ramirez v. State*, the Court held that the trial court properly refused the request for an instruction on the lesser-included offense of theft, "Because there is no evidence of the value of the truck stolen by appellant." But the court went on to hold that "we can think of no strategic reason for counsel's failure to examine the witnesses on this issue."[31] This holding implies that counsel's proffer of evidence on value would have then made a lesser-included offense of theft a viable charge, despite the indictment's containing no such allegation.

The determining factor as to whether theft is a lesser included offense of burglary of a habitation is whether the indictment alleges a completed theft, and if so, is there evidence that a jury could determine the degree of theft based on proper value. This indictment did allege a completed theft, and evidence indicating value of the items stolen was admitted. Thus, Appellant's claim fails.

## STATE'S RESPONSE TO POINT OF ERROR II

THE JURY CHARGE PROPERLY ALLEGED THE THEFT ELEMENTS.

Appellant also argues that the court's charge failed to require a unanimous verdict. Appellant erroneously cites claiming a jury charge must require a jury to find beyond a reasonable doubt which definition of "unlawful" is relied upon. *Young, Evans,* and *Hill* do not discuss that issue.[32] Those cases discuss how the State

---

[31] *Ramirez v. State,* 422 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).
[32] *Young v. State,* 621 S.W.2d 779 (Tex. Crim. App. 1981); *Evans v. State,* 606 S.W.2d 880 (Tex. Crim. App. 1980); *Hill v. State,* 625 S.W.2d 803 (Tex. App.—Houston [14th Dist.] 1981).

may allege "theft" in a burglary charge or may list the elements of theft in the charging document. In the present case, the indictment alleged "theft."

The State is only required to allege "unlawfully appropriate," and not the circumstances that make it unlawful.[33] A defendant charged with a "theft" indictment that lists "unlawfully appropriates property with the intent to deprive" can be found guilty by proving the actor's initial taking, or receipt knowing the property was stolen, or neither, as long as all the elements were proven.[34] The definitions of unlawful are only evidentiary circumstances, not acts, and a defendant is not entitled to have them in the charging instrument.[35] The Court of Criminal Appeals has previously explained in another case:

> [I]t can be seen that whatever theory the State presents as to how the offense occurred is irrelevant. So long as the evidence is sufficient to prove that appellant unlawfully appropriated the property in question with the "intent to deprive the owner of the property" appellant's conviction must stand. It is immaterial whether the State's *theory* at trial and the evidence offered involve theft as it is described in Section 31.03(b)(1), or theft as it is described in Section 31.03(b)(2).[36]

Appellant cites *Kent v. State* for the proposition that each individual item and person must be found unanimously by a jury because they are required elements of a theft charge by aggregation.[37] This case is contrary to *Kellar v. State*, which stated

[33] *Milton v. State*, 652 S.W.2d 958 (Tex. Crim. App. 1983).
[34] *McClain v. State*, 687 S.W.2d 350 (Tex. Crim. App. 1985).
[35] *Id.*
[36] *Berg v. State*, 747 S.W.2d 800, 809 (Tex. Crim. App. 1988).
[37] *Kent v. State*, 447 S.W.3d 408 (Tex. App.—Houston [14th Dist.] 2014) (pet. granted).

the element is the continuing course of conduct, and not the specific acts of theft that are aggregated.[38] On February 4, 2015, the Court of Criminal Appeals granted the State's petition for discretionary review of *Kent*.

## STATE'S RESPONSE TO POINT OF ERROR III
BUSINESS RECORDS AND SUMMARIES WERE PROPERLY ADMITTED.

In issue three, Appellant argues that the trial court abused his discretion by admitting business records. A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. Admitting evidence is an abuse of discretion if the determination lies outside the zone of reasonable disagreement.[39]

Business records are any memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation all as shown by the testimony of the custodian or other qualified witness, [...] unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.[40]

---

[38] *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003).
[39] *Martinez v. State*, 327 S.W.3d 727 (Tex. Crim. App. 2010).
[40] TEX. R. EVID. 803(6).

State's Exhibit No. 36 was a 57 page compilation of data, referred to as Leads Online. Detective Adrian Marin and five pawn shop employees explained what data is collected by an employee during a business transaction, both pawning and selling.[41] Detective Marin and Richard Barker explained that Leads Online is a compilation of that data.[42] Pawning, selling and purchasing items is the normal business of pawn shops. The detective and the pawn shop employee said it was a normal pawn shop duty to collect the data and maintain that data in Leads Online.[43]

No evidence suggests that the Leads Online records were untrustworthy. In contrast, Detective Marin and later Detective Mark Jarman both said they obtained the business records, and then verified the records personally by going to the pawn shop locations to identify the transactions at each location and obtain the listed property.[44] Their efforts further verified the accuracy of the business records. Thus, the trial court did not abuse his discretion in admitting the business records pursuant to Texas Rules of Evidence 803(6).[45]

A summary presents the contents of voluminous and admissible writings, recordings, or photographs, which cannot conveniently be examined in court.[46] State's Exhibit No. 36, the business records, were admitted. The originals were

---

[41] 5 RR 62, 67, 73, 77, 81, 118.
[42] 5 RR 78, 119.
[43] 5 RR 78, 119.
[44] 5 RR 119, 164.
[45] TEX. R. EVID. 803(6).
[46] TEX. R. EVID. 1006.

produced in court.[47] The documents were a voluminous collection of addresses, dates, item descriptions, and ticket numbers. Most pages listed multiple transactions. The two summaries were different compilations of those addresses, transactions, dates and items totaling 1 page for State's Exhibit No. 37 and 4 pages for State's Exhibit No. 41. These summaries allowed a convenient examination of the data in court. The trial court did not abuse his discretion admitting the business records pursuant to Texas Rules of Evidence 803(6) and 1006.[48] If the records and summaries were improperly admitted, this error would not constitute reversible error. "It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged."[49] Detective Marin, Detective Jarman, the codefendant, Justin Kajileh, pawn shop employees and the defendant all testified to the same items and sales within the records, which were also supported by surveillance videos showing the same. Appellant's claim fails.

## STATE'S RESPONSE TO POINT OF ERROR IV

THE COURT DID NOT ADMIT HEARSAY THROUGH THE CODEFENDANT TESTIFYING ABOUT CONSENT TO ENTER HABITATIONS.

---

[47] The defense attorney by a reference indicates he had seen them before. 5 RR 128 (stating "Your Honor, that's got hearsay from probably 50 to 60 different sources; [....]). The author of this brief was the trial attorney, and as an officer of the court, will represent the defense attorney was provided a copy of those documents prior to trial.

[48] TEX. R. EVID. 803(6); TEX. R. EVID.1006.

[49] *Crocker v. State*, 573 S.W.2d 190, 201 (Tex. Crim. App. 1978); *See also Tapps v. State*, 257 S.W.3d 438 (Tex. App. —Austin 2008, pet. granted).

The Confrontation Clause as interpreted through *Crawford v. Washington* applies to testimonial hearsay.[50] Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.[51]

The codefendant, Justin Kajileh, testified during the trial no one had given Appellant and him consent to enter any habitations.[52] He testified to his personal knowledge that no consent had been given. Justin Kajileh's testimony showed that no out of court statements existed. Appellant fails to point to any testimony by Justin Kajileh regarding any statement by any out of court declarant. Furthermore, Justin Kajileh was cross-examined. There was no hearsay and no confrontation violation. Thus Appellant's claim fails.

## STATE'S RESPONSE TO POINT OF ERROR V

THE DETECTIVE'S TESTIMONY TO WHOM AND HOW HE RETURNED STOLEN PROPERTY WAS NOT HEARSAY.

The Confrontation Clause as interpreted through *Crawford v. Washington* applies to testimonial hearsay.[53] Hearsay is a statement, other than one made by the

---

[50] *Crawford v. Washington*, 541 U.S. 36 (2004).
[51] TEX. R. EVID. 801.
[52] 5 RR 86.
[53] *Crawford*, at 36.

declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.[54]

Detective Jarman identified the individuals from whom property was stolen.[55] He testified as to specifically what property he returned and specifically to whom.[56] At no time did he recite any statements that any of the victims made to him. He was allowed to testify to what he did, and how he did it, and to whom he spoke. Detective Jarman's testimony was not hearsay. Furthermore, he was cross-examined so there could not have been a confrontation clause violation. Thus, Appellant's claim fails.

## STATE'S RESPONSE TO POINT OF ERROR VI

THE EVIDENCE WAS LEGALLY SUFFICIENT TO CONVICT GARRAWAY OF THEFT OF PROPERTY VALUED AT $1,500.00 OR MORE BUT LESS THAN $20,000.00.

In his final issue, Appellant argues that the evidence was legally insufficient. Evidence is legally sufficient if, considering all of the evidence in the light most favorable to the verdict, a jury was rationally justified in finding guilt beyond a reasonable doubt.[57] The Code of Criminal Procedure states direct evidence is not

---

[54] TEX. R. EVID. 801.
[55] 6 RR 27.
[56] 6 RR 27.
[57] *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).

required and circumstantial evidence may be used to prove lack of consent in theft cases alleging a continuing scheme or course of conduct.[58]

The evidence was legally sufficient to identify the victims, prove lack of consent, and the value of the property. Five victims testified.[59] Detective Jarman testified to the other victims' identities, how he obtained them, and that he returned their property to them.[60] The codefendant testified neither he nor the defendant had consent to take any of the victims' property.[61] Both defendants sold items to pawn shops; they did not pawn the items. When selling the items, they affirmed they were the owners of the property sold.[62] Detective Mark Jarman testified to the new value of many of the stolen electronics, and calculated the money value the two defendants received from the pawn shops at $2,875.[63] The Leads Online Exhibit number 36 listed the pay out to the defendants from the pawn shops. The codefendant testified to the value of the electronics and affirmed that he agreed with the individual pawn records and the payout the detective determined they received. Above all, the defendant testified, and admitted to *everything* but entry into the habitations.[64]

---

[58] TEX. CODE CRIM. PROC. ART. 38.39.
[59] 4 RR 38, 4 RR 46, 4 RR 54, 4 RR 69, 4 RR 75.
[60] 6 RR 27.
[61] 5 RR 86.
[62] State's Exhibits No. 30, 31, 33, 34, and 35.
[63] 6 RR 71.
[64] 6 RR 76–111.

Viewing this testimony in a light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. Appellant's final claim fails.

## CONCLUSION

The judge properly charged the jury with the lesser included offense of theft. The Court did not abuse it's discretion in admitting evidence. The evidence was legally sufficient to support a finding of guilt.

## PRAYER

Wherefore, premises considered, the State respectfully prays that the Court overrule Appellant's issues, AFFIRM the trial court, and grant the State all relief to which it is justly entitled.

Respectfully submitted,

By: _____
Ben Moore
Asst. Criminal District Attorney
712 S. Stagecoach Trail, Suite 2057
San Marcos, Texas 78666
State Bar No. 24042522
benjamin.moore@co.hays.tx.us
Attorney for the State of Texas

## CERTIFICATE OF COMPLIANCE WITH
## TEX.R.APP.PROC., RULE 9.4

I certify that this brief contains _2961_ words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.


Ben Moore
Asst. Criminal District Attorney


## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing brief has been e-delivered to:


Ellic Sahualla
600 West 13th Street
Austin, Texas 78701
on this the _24th_ day of March, 2015.


Ben Moore
Asst. Criminal District Attorney

Page 17