**Affirmed and Opinion filed April 21, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00511-CR

### KENASHICA DARPRE DAVISON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1451009**

## O P I N I O N

A jury convicted appellant Kenashica Darpre Davison of felony theft of property valued at $1,500 or more but less than $20,000. *See* Tex. Penal Code Ann. § 31.03(e)(3) (Vernon 2011).[1] The trial court sentenced appellant to an

---

[1] The 84th Texas Legislature amended section 31.03(e) effective as of September 1, 2015. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10, 2015 Tex. Gen. Laws 4209, 4213 (current version at Tex. Penal Code Ann. § 31.03(e) (Vernon Supp. 2015)). Because this case was tried in June 2015, all citations to the statute in this opinion are to the prior version.

agreed punishment of four years in the Texas Department of Corrections. In a single issue, appellant contends that the trial court erred by refusing appellant's request for an instruction on the lesser-included offense of Class A misdemeanor theft. We affirm.

## BACKGROUND

Appellant entered a TJ Maxx department store on November 24, 2014. Surveillance tapes showed appellant entering the store with an empty reusable shopping bag and then browsing among displays of luxury purses. Camera footage depicted appellant leaving the store with what appeared to be a filled shopping bag. Appellant walked past the cash registers without stopping. An employee noticed two luxury purses were missing shortly after appellant left the store.

Appellant was charged with theft of property valued at $1,500 or more but less than $20,000. Two witnesses testified at trial to the value of the stolen purses. The store manager testified that one of the missing purses was valued at $849 and the other was valued at $1,499.99, for a combined total value greater than $2,300. The store manager provided a receipt confirming these values.[2] She testified that, at some point, some merchandise at TJ Maxx is put on a clearance rack to be sold at reduced prices. She further testified that the stolen purses had not been discounted at the time of the theft.

An organized crime retail investigator with TJ Maxx, testified that one of the purses was valued at $849. After investigation, she determined the value of the other purse to be $1,399.99 instead of the initial $1,499.99 value shown in the

---

[2] The receipt was generated after the incident to establish the value of the items. The value was determined from a binder that catalogued the store's high-value items and identified an initial ticket price.

store's binder.[3]   She testified that, to her knowledge, neither purse had been discounted when the theft occurred.

The trial court instructed the jury on the state jail felony charge of theft of property valued at $1,500 or more but less than $20,000.   Appellant requested inclusion of a charge on the lesser-included offense of Class A misdemeanor theft of property valued at $500 or more but less than $1,500.   The trial court denied appellant's requested instruction.   The jury found appellant guilty as charged, and appellant timely appealed.

## STANDARD OF REVIEW

We review the trial court's decision on the submission of a lesser-included offense for an abuse of discretion.   *See Jackson v. State*, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005).   Before an instruction on a lesser-included offense is required, the defendant must satisfy a two-prong test:   (1) the lesser-included offense must be included within the proof necessary to establish the offense charged; and (2) some evidence must exist in the record that would permit a rational jury to find that, if the defendant is guilty, the defendant is guilty only of the lesser-included offense.   *See Hall v. State*, 225 S.W. 3d 524 (Tex. Crim. App. 2007); *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

The first step involves a question of law and does not depend on evidence produced at trial.   *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011).   When, as here, the only difference between the two offenses is the amount of injury or loss, the test's first prong is satisfied.   *Benefield v. State*, 389 S.W.3d 564, 573 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

---

[3] The retail investigator did not explain the discrepancy in price for the second purse, but only stated that she determined that value to be correct after investigation.   Regardless, the $100 disparity is insufficient to reduce the combined value of the two purses below the statutory $1,500 threshold such that the lesser-included offense instruction would have been warranted.

Under the second step, we must determine if any evidence exists in the record that would permit a rational jury to find that, if the defendant is guilty, the defendant is guilty only of the lesser-included offense. *Rice*, 333 S.W.3d at 145; *Benefield*, 389 S.W.3d at 574; *Jones v. State*, 921 S.W.2d 361, 364 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Hall*, 225 S.W.3d at 524; *Jones*, 921 S.W.2d at 364. In determining whether there is more than a scintilla of evidence in support of the offense, we do not consider the creditability of the evidence or whether it is controverted. *Rice*, 333 S.W.3d at 145; *Benefield*, 389 S.W.3d at 574.

If appellant can prove that she was entitled to an instruction on a lesser-included offense, we then determine whether the error was harmful. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); *Ray v. State*, 106 S.W.3d 299, 302-03 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

### ANALYSIS

The State concedes that the first step of the lesser-included-offense analysis is satisfied because the elements of Class A misdemeanor theft are included in the proof necessary to establish a state jail felony offense. *See Hall*, 225 S.W.3d at 525; *see also Franklin v. State,* 219 S.W.3d 92, 96 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Accordingly, we must determine whether evidence exists in the record that would permit a rational jury to find appellant guilty only of Class A misdemeanor theft. Appellant must show that there is more than a scintilla of evidence in support of the instruction for the lesser-included offense. *See Benefield*, 389 S.W.3d at 574. Thus, for the lesser-included instruction to be proper, there must be some evidence in the record that appellant stole purses with a combined value of

4

$500 or more but less than $1,500. *See* Tex. Penal Code Ann. § 31.03(e)(3); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); *see also Ray*, 106 S.W.3d at 302 (testimony that stolen truck could have been sold for one dollar below the threshold for the lesser-included offense entitled defendant to lesser-included offense instruction).

Appellant argues that the testimony from the store manager and retail investigator was more than a scintilla of evidence that would allow a rational jury to conclude the purses were valued at less than $1,500. We disagree.

Appellant relies primarily on the store manager's testimony that merchandise within the store, at some point, could be sold at a price reduced up to 50 percent. This reliance is misplaced because a general possibility of future discounting does not suffice to bring a lesser-included offense into play. The store manager affirmatively testified that the purses were not discounted at the time of the theft, and the retail investigator testified that she did not believe the purses had been discounted at that time. This testimony does not amount to more than a scintilla of evidence that the value of the stolen property was less than $1,500.

Both witnesses testified that the property was valued between $2,200 and $2,400 — well above the statutory minimum for the charged offense. *See* Tex. Penal Code Ann. § 31.03(e)(3). Merely impeaching the witnesses' testimony or credibility about the value is not enough to entitle the defendant to a lesser-included offense instruction when, as here, both witnesses testified that the value exceeded $1,500. *See Sullivan v. State,* 701 S.W.2d 905, 908 (Tex. Crim. App. 1986).

We also reject appellant's argument that values given for the purses did not reflect prices that actually would be received for those purses in a discount department store such as TJ Maxx. This argument lacks merit because appellant

offered no controverting evidence that the purses could be sold for less than $1,500. Mere doubt about value or the possibility of a lower value is not enough to bring a lesser-included offense into play. *See Sullivan,* 701 S.W.2d at 908. Appellant must point to affirmative evidence in the record to support the argument that the items had a lower value in order to raise a lesser-included offense. *See Sullivan,* 701 S.W.2d at 908.

Trial testimony established that the value of the stolen purses well exceeded the statutory threshold for the offense as charged. Testimony also established that the purses had not been discounted at the time of the theft. Appellant did not offer any evidence supporting a lower value for the stolen purses, and no other evidence at trial supported a valuation of the purses between $500 and $1,500. Accordingly, we conclude that no rational tier of fact could have found appellant guilty only of the lesser-included offense of Class A misdemeanor theft. The trial court did not err in denying appellant's requested instruction, and appellant's sole issue is overruled.

## CONCLUSION

Appellant failed to point to affirmative evidence in the record that would permit a rational jury to conclude that appellant committed only the lesser-included offense of Class A misdemeanor theft of property. Accordingly, we affirm the trial court's judgment.

/s/     William J. Boyce
            Justice

Panel consists of Chief Justice Frost and Justices Boyce and Wise.
Publish — Tex. R. App. P. 47.2(b).

6