**Affirmed and Memorandum Opinion filed March 26, 2019**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00554-CR

**RAMON  DELGADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 77988-CR**

### MEMORANDUM  OPINION

Appellant Ramon Delgado appeals his conviction for state jail felony theft, based on theft of property valued at less than $2,500 with two prior convictions for theft.[1]  The jury found appellant guilty as charged in the indictment and also found appellant had been convicted of two additional prior felonies used to enhance punishment.  The jury assessed punishment at eighteen years confinement and a

---

[1] Tex. Penal Code § 31.03(e)(4)(D)

fine of $5,000. In one issue, appellant argues the trial court erred by refusing his request to submit a verdict form for the lesser-included offense of misdemeanor theft. Concluding that the evidence did not support submission of misdemeanor theft as a lesser-included offense, we affirm the trial court's judgment.

## BACKGROUND

The State presented evidence that on the afternoon of December 14, 2015, appellant entered a Boot Barn retail store in Brazoria County. Appellant wore a large "duck jacket," a ski hat, and goggle-type glasses. Appellant had entered the store, wearing the same attire, several times previously and the manager found appellant's conduct suspicious. Appellant would not make eye contact with anyone in the store, never purchased anything, and when he left, his jacket would be bulging. On the afternoon of December 14, 2015, the manager saw appellant enter the store, asked her employees to keep an eye on him, and then called the police to report her suspicions that a person in the store was most likely stealing. Appellant left the Boot Barn without making a purchase.

Police arrived just as appellant exited the store. Officer N. Ross observed appellant exiting the store hunched over with his hands in his jacket pockets. Ross stated that the jacket was large and full-looking. Ross asked appellant to remove his hands from the pockets of the jacket and when appellant refused to leave his hands out of the jacket, Ross and another officer detained appellant with handcuffs. While patting appellant down for weapons, the officers recovered a set of wire cutters and a pair of women's boots from the jacket. Ross then spoke with the Boot Barn manager, learned that appellant did not have permission to take the boots, and arrested appellant. The manager testified that the boots were valued at $300, were missing from the store's inventory, and lacked the anti-theft sensor Boot Barn uses on its merchandise.

2

The State also presented evidence of six judgments of conviction for theft against appellant between 2003 and 2015. Officer M. Farley, a fingerprint examiner and deputy with the Brazoria County Sherriff's Office crime scene division, collected a set of fingerprints from appellant on the morning of the trial and then compared them to the fingerprints contained in the penitentiary packets for three of the judgments of conviction for theft. Farley concluded that appellant's fingerprints matched the fingerprints included in the papers for the convictions in cause numbers 75075 (State's Exhibit 3), 69707 (State's Exhibit 4), and 193953 (State's Exhibit 6). Farley could not match the fingerprints to the three other judgments because the penitentiary packets for those judgments did not contain fingerprints. The three other judgments, however, were in the form of certified copies. One of the certified copies, in cause number 02-CCR-6354-C, listed the defendant as Raymond Delgado, rather than Ramon Delgado.

The trial court instructed the jury regarding the elements of theft and instructed the jury to find appellant guilty of theft as alleged in the indictment if it found from the evidence beyond a reasonable doubt that appellant unlawfully appropriated boots owned by Boot Barn, having a value of less than $2,500, and it found beyond a reasonable doubt that appellant was convicted of theft in two or more of the six cases described above, which had been listed in the indictment.[2] Appellant requested an instruction on the lesser-included offense of misdemeanor theft, which the trial court rejected. The jury found appellant guilty of theft as charged in the indictment. At the conclusion of the punishment phase the jury found appellant to be the same person who had been convicted in two other prior

---

[2] When theft is elevated from misdemeanor theft to a state jail felony theft by use of previous theft convictions, the previous convictions do not constitute enhancement allegations but are instead elements of the offense. *Henry v. State*, 948 S.W.2d 338, 341 (Tex. App.—Dallas 1997, no pet.).

felony convictions used to enhance punishment.[3]  The trial court sentenced appellant to eighteen years confinement in the Texas Department of Criminal Justice Institutional Division and imposed a fine of $5,000 in accordance with the jury's verdict on punishment.  This appeal followed.

## ANALYSIS

Appellant contends the trial court erred by refusing to submit the lesser-included offense of misdemeanor theft.  Appellant argues he was entitled to the lesser offense because the value of the stolen boots was $300, a class B misdemeanor, and appellant contested the evidence regarding the judgments of his prior convictions for theft.  We conclude the trial court properly rejected the misdemeanor theft offense.

## I.      Standards of review

We review a trial court's decision regarding whether to submit a lesser-included offense for an abuse of discretion.  *See Jackson v. State*, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005); *Ramirez v. State*, 422 S.W.3d 898, 900 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).  "The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to guiding rules or principles."  *Ramirez*, 422 S.W.3d at 900.  A trial court has no discretion in determining the applicable law and abuses its discretion if it fails to correctly analyze the law and apply it to the facts of the case.  *Id.*

To be entitled to a lesser-included offense instruction, an appellant must establish two elements: (1) the lesser-included offense is included within the proof

---

[3] Appellant's punishment was enhanced to a second-degree felony pursuant to Section 12.425(b) of the Texas Penal Code.  *See* Tex. Penal Code § 12.425(b) (enhancing to second-degree felony conviction for certain repeat or habitual felony offenders on trial for state jail felony).

4

necessary to establish the charged offense; and (2) there is evidence in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty of only the lesser-included offense. *See Wortham v. State*, 412 S.W.3d 552, 554–58 (Tex. Crim. App. 2013); *Ramirez*, 422 S.W.3d at 900. The evidence of the lesser-included offense must consist of affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense. *Wortham*, 412 S.W.3d at 558. Although the threshold for presenting evidence of the lesser-included offense is low, it is not sufficient that the jury may simply disbelieve crucial evidence pertaining to the greater offense. *See Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). The issue is not whether a rational jury could find appellant guilty of the state jail felony theft, but "whether a jury could have reasonably interpreted the record in such a way that it could find appellant guilty of only" the lesser-included offense. *Ritcherson v. State*, ___ S.W.3d ___, 2018 WL 6519277, at *6 (Tex. Crim. App. Dec. 12, 2018).

## II. The trial court did not abuse its discretion in refusing to submit misdemeanor theft.

Under the first step of the lesser-included offense analysis, we conclude that misdemeanor theft is included within the proof necessary to establish state jail felony theft. Both offenses require proof that appellant unlawfully appropriated property of a certain value. *See Davison v. State*, 495 S.W.3d 309, 312 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (elements of Class A misdemeanor theft are included in proof necessary to establish state jail felony offense); *Franklin v. State*, 219 S.W.3d 92, 96 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Misdemeanor theft is a lesser-included offense of state jail felony theft because proof of the lesser-included offense of misdemeanor theft is included within the proof necessary to establish the state jail felony offense."); *compare* Tex. Penal Code § 31.03(e)(2) (listing elements of Class B misdemeanor theft as theft of

property valued at $100 or more but less than $750) *and* Tex. Penal Code § 31.03(e)(4)(D) (classifying theft as state jail felony if value of property is less than $2,500 and defendant has been previously convicted of two or more theft offenses). Thus, we focus on the second step of the analysis: whether there is evidence in the record that, if appellant is guilty, he is guilty only of misdemeanor theft. We conclude there is not.

The difference between a conviction for misdemeanor theft and a conviction for the state jail felony theft in this case depends upon proof that appellant was previously convicted of two or more theft offenses. To prove a prior conviction of an offense, the State must establish beyond a reasonable doubt that a prior conviction exists and the defendant is the person linked to that conviction. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State presented evidence that appellant was previously convicted of six theft charges. Farley testified that she fingerprinted appellant the morning of the trial and matched his fingerprints to the prints contained in the penitentiary packets for prior convictions of appellant for theft, specifically in case numbers 75075 (State's Exhibit 3), 69707 (State's Exhibit 4), and 193953[4] (State's Exhibit 6). In addition, the record contains evidence of three additional certified copies of judgments of conviction for theft, though one of the judgments, in cause number 02-CCR-6354-C (State's Exhibit 8), lists the defendant as Raymond Delgado rather than Ramon Delgado. This is proof linking appellant to the prior convictions. *See id.*

Appellant argues that he was entitled to the lesser-included offense because a jury is free to disbelieve the State's evidence and he contested the evidence as to some of the judgments. We disagree. Appellant has pointed to no affirmative

---

[4] During cross-examination Farley noted that the docket sheet for case number 193953 states the offense was amended to criminal mischief, but the judgment of conviction lists the offense as theft of property greater than $50 but less than $500.

evidence in the record that he is not the person convicted of theft in five of the convictions: cause numbers 75075, 69707, and 193959 (State's Exhibits 3-6), and cause numbers 03-CCR-0511 and 03-CCR-1519 (State's Exhibits 7 and 9). And it is not sufficient for the jury to merely disbelieve the State's evidence on an issue; there must be affirmative evidence that rebuts or negates an element of the charged offense. *See Hung Phuoc Le v. State*, 479 S.W.3d 462, 473 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Davison*, 495 S.W.3d at 313.

There is evidence in the record disputing State's Exhibit 8, the conviction for theft in cause number 02-CCR-6354-C, because it lists the name of the defendant as Raymond Delgado instead of Ramon Delgado. On cross-examination Farley conceded that it was possible Raymond Delgado could be a different person than appellant even though they had the same birthdays. Assuming the jury could reasonably disregard State's Exhibit 8 as evidence of a previous conviction for theft, the record contains undisputed evidence of five previous convictions for theft by appellant. We conclude there is no evidence from which a jury could rationally conclude that, if appellant was guilty, he was guilty of only the lesser offense. *See Ritcherson*, 2018 WL 6519277, at *8; *Davison*, 495 S.W.3d at 313.

We overrule appellant's sole issue.

### CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.


/s/    Jerry Zimmerer
Justice

7

Panel consists of Justices Christopher, Zimmerer, and Hassan.

Do Not Publish — TEX. R. APP. P. 47.2(b).