**Affirmed and Memorandum Opinion filed February 1, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00729-CR

---

**ALEJANDRO DEJESUS CORTEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1685738**

---

## M E M O R A N D U M   O P I N I O N

Appellant Alejandro DeJesus Cortez appeals his conviction for continuous sexual abuse of a child. He first contends the trial court reversibly erred by refusing to instruct the jury regarding the lesser-included offenses of indecency with a child by contact and sexual performance by a child. Because there is no evidence in the record that would permit a jury to rationally find that, if appellant is guilty, he is guilty only of indecency with a child or sexual performance by a child, the trial court did not err in refusing his requested instructions. Second, he contends there is no

evidence to prove his actions were made "with intent to arouse or gratify the sexual desire of any person," thus rendering the evidence to support his conviction legally insufficient. However, after a thorough review of the record, we conclude that legally sufficient evidence supports the jury's guilty verdict.

Accordingly, we overrule appellant's issues and affirm the trial court's judgment.

## Background

A grand jury indicted appellant for the felony offense of continuous sexual abuse of a child. The complainant was appellant's biological daughter, R.C., who was raised by her mother with little to no contact with appellant. In late 2017, when she was about nine or ten years old, R.C. began staying with appellant and his girlfriend every other weekend.

According to R.C.'s mother, R.C. was happy to visit appellant at first. But around December 2018, R.C. became upset and said she did not want to stay with appellant while her mother left for a two-week trip. When her mother returned from her trip, she saw messages on R.C.'s phone about R.C. "cutting herself, about going to sleep very late because she will have nightmares and she will cry herself to sleep." A school counselor called to tell R.C.'s mother that she was worried that R.C. was going to harm herself. Sometime in April 2020, R.C.'s mother received a call about an accusation against appellant involving another child, H.V. She asked R.C. if anything had happened between her and appellant. R.C. started crying and initially said no, but she eventually told her mother that something had happened.

R.C., who was fourteen at the time of trial, testified that she started visiting appellant when she was around nine or ten years old in July 2018, and her last visit was in March 2020. According to R.C., during each visit appellant would bathe her

2

"from the top . . . to the bottom" and touch her "private part"—her vagina—with his hands. She testified that it happened "every weekend [she] would go over to his house." When questioned further, she said that she went to his house for "more than 30 days." R.C. also remembered appellant taking pictures of her. He would tell her to take off her clothes and get on the bed, on her hands and knees, facing a wall. After she complied, she would "feel pressure" on her vagina and then hear a cell-phone camera sound. According to R.C., he took pictures like that "every time [she] would go over." These incidents occurred in appellant's bedroom, with the door locked. She did not tell her mother because she was scared he would "do something to her because he told [her] not to tell anybody."

According to appellant's live-in girlfriend, during this same timeframe, appellant started asking questions about R.C.'s menstrual period and "if a woman [could] get pregnant" by only the tip of a penis in her vagina. This individual also reported that once, when she walked into their bedroom, R.C. screamed and appellant told her "don't do that . . . don't come in."

The jury also heard evidence that appellant engaged in similar conduct with another minor. H.V., whose outcry began the investigation that led to the arrest and indictment of appellant, testified regarding an incident that occurred in November 2019 when she was twelve years old. Appellant was a close friend of H.V.'s family. H.V. and her siblings spent the night at appellant's house while her mother attended a wedding. In the morning, appellant began asking her questions about puberty and how her body was changing. He took her into his bedroom and showed her a picture on his phone of his daughter, R.C., who was not wearing clothes. He said he would "check his daughter's body to see like if everything is right that comes with her body." Appellant asked H.V. "if he could just check [her] body to make sure everything is right." He wanted to check her "private parts and everything." He

3

asked her to take off her clothes. Initially she said no, but then she complied because she was scared. After she removed all her clothes, appellant had H.V. get on the bed on her hands and knees. He "arched [her] back a little bit and he started opening [her] arms and [her] legs," telling her "not to be scared." He touched her vagina with his hands and then took several pictures of her. He then instructed her to go into the bathroom and take a shower. He got into the shower with her and began washing her, including washing her vagina. After she finished showering, he left her in the bedroom by herself and went downstairs. He brought her younger sister, D.V., into the room and told H.V. to try "to convince her like to do the same thing that he did with me, like to check her body and everything, if everything's good." H.V.'s sister refused. Appellant told H.V. not to tell anyone what happened.

D.V. also testified and confirmed that her mother left D.V. and her siblings, including H.V., with appellant overnight. The next morning, D.V. said appellant took H.V. into his room. H.V. was alone with appellant for "a pretty long time." D.V. tried to go into the room, but she could not get in. Sometime later, appellant called her to come upstairs. When she entered the room, she saw H.V. at the edge of appellant's bed looking "very, very scared." Appellant locked the door after D.V. entered. He began talking to D.V. about "girls' body parts." He told her she needed to "be clean down there" and told her to take off her clothes so he could make sure she was clean. He told her he showered his daughter every time she comes over, and he showed her a picture of R.C., in which R.C. was naked. D.V. refused to take off her clothes. He told D.V. that he had "already made sure [H.V.] was clean." He told D.V. to go take a shower, so she did. He came in while she was in the bathroom to show her what shampoo to use for "girls' parts." D.V.'s mother picked them up shortly afterwards. The next day, appellant came over to their house and told D.V. and H.V. not to tell anyone about what had happened.

4

H.V. did not say anything for a couple weeks, but she was "really struggling" and feeling depressed. She told her mother about the incident in December 2019. Her mother notified police, who began investigating. Officers obtained a search warrant and removed numerous electronic devices from appellant's home. They did not find any relevant photographs. Both R.C. and H.V. completed forensic interviews with the Children's Assessment Center, and both were examined by a doctor. The examination notes were admitted into evidence, but the forensic interviews were not offered.

The jury found appellant guilty of continuous sexual abuse of a child as charged in the indictment and assessed punishment at forty-five years' confinement. Appellant timely appealed.

**Analysis**

Appellant complains that (1) the trial court erred in refusing his requested lesser-included offense instructions, and (2) the evidence is insufficient to prove that any of his actions were made with intent to arouse or gratify the sexual desire of any person or that his actions were sexual in any way, rendering the evidence insufficient to support his conviction. Because appellant's legal sufficiency challenge would afford him the greatest relief if meritorious, we address it first. *See Finley v. State*, 529 S.W.3d 198, 202 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd).

**A.    Sufficiency of the Evidence**

1.    *Standard of review and applicable law*

In determining whether the evidence is legally sufficient to support a conviction, "we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a

5

reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *see also Braughton v. State*, 569 S.W.3d 592, 607-08 (Tex. Crim. App. 2018). We presume that the jury resolved conflicting inferences in favor of the verdict, and we defer to its determination of evidentiary weight and witness credibility. *See Braughton*, 569 S.W.3d at 608; *Criff v. State*, 438 S.W.3d 134, 136-37 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). The complainant's testimony, standing alone, is sufficient to support a conviction for continuous sexual abuse of a child. Tex. Code Crim. Proc. art. 38.07; *Garrett v. State*, No. 14-22-00328-CR, —S.W.3d—, 2023 WL 5111102, at *2 (Tex. App.—Houston [14th Dist.] Aug. 10, 2023, pet. filed).

We consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *See Hooper*, 214 S.W.3d at 13.

A person commits the offense of continuous sexual abuse of a child if the person commits two or more acts of sexual abuse against a child under fourteen during a period that is thirty or more days in duration, when the person is at least seventeen years of age at the time each act of abuse is committed. *See* Tex. Penal Code § 21.02(b); *Garrett*, 2023 WL 5111102, at *3. Here, the indictment alleged that appellant committed at least two acts of sexual abuse against R.C., including the offenses of indecency with a child by contact and sexual performance by a child. *See* Tex. Penal Code § 21.02(c)(2), (6) (defining acts of sexual abuse to include indecency with a child by contact and sexual performance by a child). A person commits indecency with a child by contact if he "engages in sexual contact with the child or causes the child to engage in sexual contact." *Id.* § 21.11(a). "Sexual

6

contact" includes, as is relevant here, touching a child's genitals "if committed with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c)(1). In an indecency case, a trier of fact may infer the requisite intent to arouse or gratify sexual desire from conduct, remarks, or all surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981). No oral expression of intent or visible evidence of sexual arousal is necessary to reasonably infer intent. *See Gregory v. State*, 56 S.W.3d 164, 171 (Tex. App.— Houston [14th Dist.] 2001, pet. dism'd).

A person commits sexual performance by a child if "he employs, authorizes, or induces a child . . . to engage in sexual conduct or a sexual performance." Tex. Penal Code § 43.25(b). In relevant part, sexual performance includes "any performance or part thereof that includes sexual conduct by a child." Performance includes photographs, and sexual conduct includes "lewd exhibition of the genitals." *Id.* § 43.25(a)(1-3).

2. *Legally sufficient evidence supports the jury's verdict.*

To prove appellant guilty of continuous sexual abuse of a child as charged in the indictment, the State had to prove that, during a period of thirty or more days in duration around the dates of July 1, 2018 to March 31, 2020, when appellant was seventeen years of age or older and R.C. was younger than fourteen years of age, appellant committed two or more acts of sexual abuse against R.C. by (1) committing indecency with a child by contact or (2) committing sexual performance by a child. We note that appellant does not challenge the sufficiency of the evidence that he committed sexual performance by a child, and, so long as the record contains evidence that appellant committed this offense at least twice in a period of thirty or more days, the evidence is legally sufficient to support his conviction for continuous sexual abuse of a child. *See, e.g., Price v. State*, 434

7

S.W.3d 601, 605-06 (Tex. Crim. App. 2014) (explaining that the legislature intended "to permit one conviction for continuous sexual abuse based on repeated acts of sexual abuse that occur over an extended period of time against a single complainant, even if the jury lacks unanimity as to each of the particular sexual acts or their time of occurrence, so long as the jury members agree that at least two acts occurred during a period that is thirty or more days in duration").

R.C. remembered appellant taking pictures of her after she removed her clothes and positioned herself on the bed to expose her genitals. She knew he took pictures because she heard a cell-phone camera sound. She testified that this happened each time she went to his home, and she stated she visited him repeatedly over a period of more than thirty days. From this evidence, a jury could rationally find that, at least twice over a period of thirty or more days, appellant forced R.C. to lewdly exhibit her genitals. *See* Tex. Penal Code § 21.02 (continuous sexual abuse of a child); *id.* § 43.25 (sexual performance of a child); *see also Emenhiser v. State*, 196 S.W.3d 915, 929-30 (Tex. App.—Fort Worth 2006, pet. ref'd) (intentionally or knowingly inducing a child to engage in a lewd exhibition of her genitals, regardless whether photos are taken, is an offense under section 43.25, sexual performance of a child). This evidence is sufficient in itself to support the verdict.

Additionally, as to appellant's contention that there is no evidence he intended to arouse or gratify the sexual desire of any person or that his acts were sexual in any way, R.C. testified that, beginning when she was nine or ten years old until she was thirteen years old, appellant insisted on showering her every time she visited him, touching her vagina in a circular motion with his hand. A rational juror could reasonably infer that such behavior with a nine- to thirteen-year-old child is not intended for cleanliness, but instead is intended to arouse or gratify the actor's sexual desires. *See, e.g.*, *McKenzie*, 617 S.W.2d at 216 (holding that when the appellant

8

knelt down in front of complainant, said he was going to "see if she [was] clean," and touched her genitalia, the intent to arouse or gratify his sexual desire was a "permissible deduction"); *Romano v. State*, 612 S.W.3d 151, 156-58 (Tex. App.— Houston [14th Dist.] 2020, pet. ref'd) ("The jurors were permitted to draw on their own observations and experiences to infer that by holding Tim in a spooning position, a position suggesting intimacy, appellant intended to arouse or gratify his sexual desire."). R.C. also testified that, on each visit, appellant would tell her to get on her hands and knees on the bed, she would feel "pressure" on her vagina, and then she would hear a cell-phone camera taking pictures. Jurors may draw on their own observations and experiences to infer that appellant intended to arouse or gratify his or other's sexual desires through these acts. *See McKenzie*, 617 S.W.3d at 216. R.C.'s testimony is sufficient to support a conviction for continuous sexual abuse of a child as charged in the indictment. *See* Tex. Code. Crim. Proc. art. 38.07; *Garrett*, 2023 WL 5111102, at *2; *Gutierrez v. State*, 585 S.W.3d 599, 607 (Tex. App.— Houston [14th Dist.] 2019, no pet.). She testified unequivocally that appellant committed this offense through either repeated instances of indecency with a child by contact, repeated instances of sexual performance by a child, or repeated instances of a combination of the two offenses, all over a period of thirty or more days.

Viewing the evidence in the light most favorable to the jury's verdict and deferring to the jury's responsibility to both weigh the evidence and draw reasonable inferences from it, we conclude that a rational trier of fact could have found appellant guilty of continuous sexual abuse of a child beyond a reasonable doubt.

We overrule appellant's second issue.

## B.     Lesser-Included Offense

In his first issue, appellant contends the trial court reversibly erred by refusing to instruct the jury regarding the lesser-included offenses of indecency with a child by contact and sexual performance by a child.

### 1.     *Standard of Review*

We review the trial court's decision on the submission of a lesser-included offense for an abuse of discretion. *See Jackson v. State*, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005); *Davison v. State*, 495 S.W.3d 309, 311 (Tex. App.—Houston [14th Dist.] 2016, no pet.).  A defendant is entitled to submission of a lesser-included offense only if the following two-pronged test is satisfied:  (1) the requested lesser offense is in fact a lesser-included offense of the charged offense, and (2) there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *State v. Ransier*, 670 S.W.3d 646, 650 (Tex. Crim. App. 2023).  In the first step, we decide whether the purported lesser-included offense falls within the proof necessary to establish the offense charged, which is a legal question. *See Sweed v. State*, 351 S.W.3d 63, 67-68 (Tex. Crim. App. 2011).  Here, there is no dispute that the requested lesser-included offenses—indecency with a child and sexual performance by a child—fall within the proof necessary to establish the charged offense of continuous sexual abuse of a child. *See Price*, 434 S.W.3d at 606 ("The 'acts of sexual abuse' are specifically enumerated and are lesser-included offenses of the offense of continuous sexual abuse.").

In the second step, we evaluate whether some evidence exists from which a rational jury could acquit the defendant of the greater offense while convicting the defendant of the lesser-included offense. *Sweed*, 351 S.W.3d at 68.  The evidence must establish the lesser-included offense as a "valid rational alternative to the

10

charged offense." *Id.* We review all the evidence presented at trial. *Id.* Anything more than a scintilla of evidence entitles a defendant to a lesser-included offense charge. *Id.* Although a scintilla of evidence is a low threshold, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Id.* If some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations, then the standard is met, and the instruction is warranted. *Id.*

2. *Appellant was not entitled to the lesser-included offense instructions.*

Appellant asserts that he was entitled to lesser-included offense instructions on indecency with a child and sexual performance by a child because: (1) R.C.'s "inconsistent" testimony could have led the jurors to believe he engaged in one act of sexual performance by a child or one act of indecency with a child; and (2) there is no evidence that the alleged touching was done with the requisite intent to gratify appellant's sexual desires. As explained above, we have already concluded that there is legally sufficient evidence that appellant's touching of R.C.'s vagina was done with the requisite intent. Nonetheless, according to appellant, "there was more than a scintilla of evidence to support either [offense] but enough doubt to question almost all of the complainant's testimony"; thus, appellant contends that the trial court's denial of the requested lesser-included offense instructions was error.

The record shows that R.C. was withdrawn and reluctant to immediately testify about what appellant, her father, did to her. R.C. did, however, testify unequivocally that appellant touched her vagina with his hands "every time" she went to his house. She also testified that appellant directed her to take off her clothes and get on the bed on her hands and knees. She then stated she felt "pressure" on

her vagina and heard a cell-phone camera sound. She testified that appellant did this "every time" she went to his house. The evidence showed that R.C. visited appellant every other weekend from 2017 until 2020, and R.C. herself testified that she visited appellant for a period of more than thirty days. There was no exculpatory evidence that any of the incidents happened only once or, if more than once, within thirty days of each other. If the jury believed R.C., then there is no evidence from which a rational factfinder could acquit appellant of continuous sexual abuse of a child while convicting him only of either indecency with a child or sexual performance by a child. And, if the jury disbelieved some or all of R.C.'s testimony, that too is insufficient to warrant lesser-included offense instructions when no other evidence suggests that appellant could be guilty only of a lesser offense. "[T]he mere disbelief of evidence establishing commission of the greater offense is insufficient by itself to justify submission of a [lesser-included offense] instruction . . . . because the disbelief of evidence is not evidence." *Chavez v. State*, 666 S.W.3d 772, 777 (Tex. Crim. App. 2023).

We hold that the trial court did not err in denying appellant's requested lesser-included offense instructions because there is no evidence from which a rational juror could acquit appellant of the greater offense—continuous sexual abuse of a child—while convicting him only of either of the lesser-included offenses—indecency with a child or sexual performance by a child. *See id.*; *Sweed*, 351 S.W.3d at 68; *Bleil v. State*, 496 S.W.3d 194, 215 (Tex. App.—Fort Worth 2016, pet. ref'd) (defendant was not entitled to lesser-included charge of indecency with a child because there was no record evidence that defendant *only* committed indecency with a child; instead, the record reflected numerous instances of sexual abuse over several years); *Brown v. State*, 381 S.W.3d 565, 583 (Tex. App.—Eastland 2012, no pet.) (same).

12

We overrule appellant's first issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/ Kevin Jewell
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b).