Charles Edward BONNER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–00782–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 21, 1991.

Discretionary Review Refused
March 18, 1992.

Stanley G. McGee, Angleton, for appellant.

Kelly McClendon, Angleton, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Charles Edward Bonner, appeals his judgments of conviction for two offenses of aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon 1989). The jury rejected appellant's not guilty plea and found him guilty as alleged in the indictment. The jury, after finding the enhancement paragraphs of the indictment to be true, assessed punishment on each conviction at 55 years in the Institutional Division of the Texas Department of Criminal Justice. The appellant assigns three points of error of the trial court: (1) failure to charge the jury on the lesser-included offense of misdemeanor theft; (2) allowing prosecutorial misconduct during closing argument; and (3) commenting on the weight of the evidence in the court's supplemental charge to the jury. We affirm.

On January 10, 1989, Charles Edward Bonner, appellant, entered a Wal-mart store in Pearland, Texas. Felix McIntyre, Wal-mart Loss Prevention/Security Guard, observed appellant putting merchandise into a paper bag and saw him leave the Wal-mart store without paying for the merchandise. McIntyre alerted Sybil Redick, assistant store manager, of the possibility of shoplifters. Appellant left the store with the merchandise and was stopped by McIntyre who asked him to go back inside. Appellant went back inside with the merchandise accompanied by McIntyre and Eric Dunihoo, the store manager. On their way to the back of the store to the security office, appellant told them he did not want to go and turned around to leave the store.

McIntyre and Dunihoo tried to persuade appellant to return to the store. When it became apparent appellant would not return, Redick telephoned the Pearland police. Bill Bartell, assistant store manager, was alerted to the situation and joined the other employees to try to help bring appellant back into the store. Bartell grabbed appellant's left arm and told him to come inside. Appellant told them he had a knife and reached in his pocket to get it. Appellant pulled a knife out of his back pocket with his right hand and opened the knife one-handed. Dunihoo yelled "knife" and grabbed appellant's right arm. Dunihoo and Bartell then wrestled with appellant causing appellant to drop the knife on the ground, and pinned appellant on some pallets of cinder blocks. Appellant was held until the police arrived on the scene.

Appellant's brother, U.L. Bonner, testified that, as this incident was occurring, he was waiting for his brother in a car in the Wal-mart parking lot. When he saw Dunihoo and Bartell struggling with his brother, he got out of the car, opened his knife and approached the scene. He asked the two men what was going on and they explained that his brother was caught shoplifting. When U.L. Bonner saw the police

coming, he dropped his knife beside the pallet where appellant was being held. Contrary to the testimony of the Wal-mart employees, U.L. Bonner testified that he only saw what looked like a key chain in appellant's hands. He also identified as his own the knife which the State alleged was used by appellant during the incident. ·

In point of error one, appellant asserts the trial court committed reversible error by refusing to charge the jury on the lesser included offense of class-A misdemeanor theft. TEX.PENAL CODE ANN. § 31.03 (Vernon 1989). An offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; ..." TEX.CODE CRIM.PROC.ANN. art. 37.09(1) (Vernon 1981). Texas courts apply a two step analysis in determining whether a charge on a lesser included offense is required:

> First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be. some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.

*Bell v. State,* 693 S.W.2d 434, 439 (Tex. Crim.App.1985) (citing *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981)).

▆▆▆ In the present case, appellant was charged with aggravated robbery pursuant to TEX.PENAL CODE ANN. § 29.03(a) (Vernon 1989). Appellant asked that the charge on class-A misdemeanor theft also be given to the jury. Theft can be an offense established within the proof necessary to prove aggravated robbery. *See Campbell v. State,* 571 S.W.2d 161 (Tex.Crim.App.1978) (en banc). Nevertheless, to convict a person of class-A misdemeanor theft, there must be evidence of the "value" of the property stolen. TEX.PENAL CODE ANN. § 31.03(e)(3) (Vernon 1989) (an offense is "a Class–A misdemeanor theft if the value of the property stolen is $200 or more but less than $750"). Appellant states in his request for a class-A theft charge:

> The evidence showed property was taken out of the building and there there [sic] a picture introduced of the property. Mr.

McIntyre testified as to the value of the property; therefore, the evidence of theft is raised—theft is raised by the evidence.

The picture appellant refers to does not state the value of the property. Also, McIntyre only testified that the picture showed "tennis shoes and cigarettes and things." At no time in his testimony did he state the value of the stolen merchandise. Appellant presented no other evidence at trial, nor did the State, as to the value of the property stolen which is a required element of class-A misdemeanor theft. As a result, appellant could not have been found guilty of class-A misdemeanor theft which must be shown to meet the second prong of the *Royster* test. *Bell v. State, supra* at 439 (citing *Royster, supra* at 446). Failing the *Royster* test, the court properly refused to include a charge on the lesser included offense of class-A misdemeanor theft. *See Marras v. State,* 741 S.W.2d 395, 405–6 (Tex.Crim.App.1987) (a charge on the lesser-included offense of voluntary manslaughter was properly refused by the trial court, because there was no evidence of sudden passion); *Sanders v. State,* 664 S.W.2d 705, 709 (Tex.Crim.App.1984) (defendant not entitled to charge of class B misdemeanor theft as lesser-included offense of theft from person because the value of the property was an essential element of the class B misdemeanor theft and no evidence of its value was presented). Appellant's first point of error is overruled.

In point of error two, appellant asserts the trial court erred by improperly allowing the prosecutor to attack the defense attorney during the State's closing argument at the guilt/innocence phase of the trial. Appellant's claim is that the State was striking at appellant over the shoulders of his attorney and as a result he was denied a fair trial.

▆▆▆ There are four permissible areas of jury argument: "(1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to the defendant's argument, or (4) a plea for law enforcement." *Landry v. State,* 706 S.W.2d 105, 111 (Tex.Crim.App.1985) (citing

*Hughes v. State,* 563 S.W.2d 581 (Tex.Crim. App.1978)). If the argument complained of does not fit into one of these four categories, the improper jury argument will not constitute reversible error unless "in light of the record as a whole the argument is extreme or manifestly improper, it is violative of a mandatory statute, or injects new facts, harmful to the accused, into the trial proceedings." *Brandley v. State,* 691 S.W.2d 699, 712–13 (Tex.Crim.App.1985). A prosecutor's comments impugning the integrity of the defense attorney has been found to be improper jury argument constituting reversible error. *Bell v. State,* 614 S.W.2d 122, 123 (Tex.Crim.App.1981) (prosecutor argued that defense lawyer's "duty is to see that his client gets off even if it means putting on witnesses who are lying"; held jury instruction insufficient; error to deny mistrial); *See Summers v. State,* 147 Tex.Crim. 519, 521, 182 S.W.2d 720, 722 (1944) ("striking at appellant over the shoulders of his counsel" was held to be a denial of fair trial).

■ In the present case, the prosecutorial comments in rebuttal argument went as follows:

PROSECUTOR: I made some notes. They start out by saying, 'Mr. Bonner and I should apologize' and here is something about me having to prove something. He's right. I've got to prove the case. It's my burden of proof. That's why I get to go first and go last in the closing arguments and why I present the case first. I've got the burden of proof in this case. We've carried our burden of proof in this case.

He doesn't have to put on any evidence, when when [sic] he elects to put on evidence in the form of U.L. Bonner, a convicted felon, brothers, and lies—because that's what he did, he took the stand and lied to us all, that's irresponsible.

DEFENSE: Objection, Your Honor. That's an attack on counsel.

THE COURT: I'm going to sustain the objection, if it does, in effect, constitute an attack on counsel. The jury heard the statement and they can draw whatever interpretation they want to.

I will instruct the jury, however, they are to go by the law stated in the charge and by the evidence that was presented. Counsel's argument for both sides can be attacked, there is nothing improper about that, but a personal attack on counsel is improper. So, if that's the jury's interpretation, that's to be ignored, just ignore that.

DEFENSE: I ask that they be instructed to disregard—

PROSECUTOR: I certainly meant no disrespect.

THE COURT: Hold it.

DEFENSE: I'm forced to move for a mistrial.

THE COURT: I will deny that. I don't think there has been any inflammatory harm. This jury can't make a decision on it. Go ahead.

It is not entirely clear from the record that the prosecutor was attacking the defense attorney. The statement is somewhat unconnected and could be interpreted in different ways. His statement "[h]e doesn't have to put on any evidence, when he elects to put on ... U.L. Bonner ..." could be interpreted as a comment on the evidence of U.L. Bonner's testimony which is a permissible area of jury argument. U.L. Bonner, one of only two witnesses called on behalf of the defense, was a convicted felon and appellant's brother. The prosecutor probably wanted to emphasize to the jury that a reasonable deduction could be made that Mr. Bonner's testimony was so unreliable that it was almost like having no testimony at all. Also, the prosecutor's final comment saying "that's irresponsible" in the context of his sentence is unclear. It is not clear whether that means that the defense attorney was irresponsible, or that U.L. Bonner was irresponsible. Because it is unclear, the prosecutor's comment cannot be said to have been manifestly improper or harmful.

Nevertheless, even if the prosecutor's jury argument could conceivably be considered improper, the trial court probably took the best action that could be taken

under the circumstances to overcome any harmful effects. The court sustained appellant's objection to the prosecutor's statement and instructed the jurors that if it sounded to them like an attack on counsel, to "just ignore that." As a result, any harm that could have come from the prosecutor's statement was cured. *See Franklin v. State,* 693 S.W.2d 420 (Tex.Crim.App. 1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986) (prosecutor's remarks rendered harmless since the trial judge sustained the objection and instructed the jury to disregard); *Thomas v. State,* 578 S.W.2d 691, 695 (Tex.Crim.App. [Panel Op.] 1979) (citations omitted) (when jury argument exceeds permissible bounds, any harm therefrom is usually alleviated by a prompt sustainment of the objection and instruction to disregard). Appellant's point of error two is overruled.

■ In point of error three, appellant asserts the trial court erred in commenting upon the weight of the evidence. Appellant points to some supplemental charges which were given to the jury upon their request after they had retired to consider their verdict at the guilt and innocence stage. The jury sent a note to the court stating:

> Judge, to be considered robbery, must the threat be given while attempting to obtain and maintain possession of the goods or can the threat of physical harm be given without the intent of obtaining or maintaining the possession of the goods during flight and still be considered robbery?

The court answered:

> Members of the jury:
>
> In answer to your question, '... to be considered robbery, must the threat be given while attempting to obtain and maintain possession of the goods ...?'
> The answer is no.
>
> In answer to your question, '... or can the threat of physical harm be given without the intent of obtaining or maintaining the possession of the goods during flight and still be considered robbery?' ...

The answer is, yes, our law provides that threats, if one is made, does not have to be made while the actor is attempting to obtain or maintain control of the property, it may be made during the commission of flight or attempted flight.

Appellant does not argue that the statement of law by the court was wrong. The appellant argues that in giving this instruction the court was making a fact decision for the jury, because the jury at this time was called upon to determine whether there was a robbery, aggravated robbery, or simple theft. We disagree. This instruction does not refer to any evidence. The instruction simply states a correct statement of law. *See Candelaria v. State,* 776 S.W.2d 741, 742 (Tex.App.—Corpus Christi 1989, pet. ref'd) (intent to obtain or maintain property not required state of mind at the time of the violent act to sustain robbery conviction); *Ulloa v. State,* 570 S.W.2d 954, 957 (Tex.Crim.App. 1978) (robbery includes any violence in the course of effectuating the theft as well as any violence while in immediate flight). This supplemental instruction was properly made pursuant to the jury's request as allowed under TEX.CODE CRIM.PROC. ANN. art. 36.27 (Vernon 1981). Appellant's third point of error is overruled.

Accordingly, we affirm the trial court's judgment.