**Affirmed and Opinion filed February 4, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01130-CR

## MICHAEL ANGEL RAMIREZ, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1334211**

## O P I N I O N

Appellant was charged with aggravated robbery with a deadly weapon, and convicted of the lesser-included offense of robbery. Punishment was assessed at twenty years' imprisonment. On appeal, we are asked to consider two issues: (1) whether the trial court erroneously denied an instruction on the lesser-included offense of theft, and (2) whether appellant was denied the effective assistance of trial counsel. We affirm the judgment of the trial court.

## BACKGROUND

The complaining witness, Cesar Lopez, testified that appellant stole his truck as he was attempting to leave a convenience store. According to Lopez, appellant approached the driver's side of the vehicle, lifted his shirt, and displayed what appeared to be the black handle of a firearm. Appellant made no verbal demands, but Lopez, feeling threatened, surrendered his keys. Appellant drove away and Lopez called police. Approximately fifteen to twenty minutes later, police encountered appellant driving the stolen truck. He was pulled over and arrested on the scene, but a firearm was not recovered in his possession.

Appellant testified in his own defense at trial. He admitted to stealing the truck on an impulse, but he asserted a different version of events. Appellant claimed that he found the truck unlocked, engine running, and with no person inside. Appellant testified that he took the truck because he wanted to visit a friend without having to ask his dad for a ride. Appellant said that he never had a gun and he was surprised to be charged with aggravated robbery. At most, he anticipated a charge of just "a simple unauthorized use."

After both sides rested, appellant requested a jury instruction on the lesser-included offenses of robbery and theft. The trial court agreed that robbery had been raised by the evidence, but it denied the request as to theft. The court stated that no evidence of the truck's value had been admitted, and thus, there was no basis for instructing the jury on a specific grade of theft.

## LESSER-INCLUDED OFFENSE

We review the trial court's decision on the submission of a lesser-included offense for an abuse of discretion. *See Jackson v. State*, 160 S.W.3d 568, 575 (Tex. Crim. App. 2005). The trial court abuses its discretion when its decision is

arbitrary, unreasonable, or without reference to guiding rules or principles. *See Makeig v. State*, 802 S.W.2d 59, 62 (Tex. Crim. App. 1990). Because the trial court has no discretion in determining the applicable law, the trial court also abuses its discretion when it fails to analyze the law correctly and apply it to the facts of the case. *See State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004).

We apply a two-prong test when determining whether a defendant is entitled to an instruction on a lesser-included offense. *See Wortham v. State*, 412 S.W.3d 552, 554 (Tex. Crim. App. 2013); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 444 (Tex. Crim. App. 1981). First, we consider whether the lesser-included offense is included within the proof necessary to establish the charged offense. *See* Tex. Code Crim. Proc. art. 37.09; *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008). If it is, we then examine whether there is evidence in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty of only the lesser-included offense. *See Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985). The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense. *See Segundo v. State*, 270 S.W.3d 79, 90–91 (Tex. Crim. App. 2008). Anything more than a scintilla of evidence is sufficient to entitle a defendant to the lesser charge. *See Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). We review all of the evidence in the light most favorable to the requested lesser-included offense, regardless of whether the evidence was produced by the State or the defendant, or whether the evidence was strong, weak, unimpeached, or contradicted. *See Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985).

There is no dispute that theft is a lesser-included offense of aggravated robbery. *See Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). Thus, we

consider only whether the record contains some evidence to support an instruction for theft.

A person commits a theft "if he unlawfully appropriates property with intent to deprive the owner of property." *See* Tex. Penal Code § 31.03. The Penal Code describes several grades of theft ranging from a Class C misdemeanor to a felony of the first degree. *See id.* § 31.03(e). With few exceptions not applicable here, the only element distinguishing one grade of theft from another is the value of the property taken. *See id.* Under Texas law, the value of the property taken is an essential element of the offense. *See Simmons v. State*, 109 S.W.3d 469, 478–79 (Tex. Crim. App. 2003); *Sowders v. State*, 693 S.W.2d 448, 450 (Tex. Crim. App. 1985); *Christiansen v. State*, 575 S.W.2d 42, 44 (Tex. Crim. App. [Panel Op.] 1979); *McKnight v. State*, 387 S.W.2d 662, 663 (Tex. Crim. App. 1965).

The record in this case reflects that appellant stole a 2004 Toyota Tacoma. The truck was described as black and having a special chrome bumper. Aside from these basic characteristics, there was no testimony about the truck's condition or value. When appellant requested his theft instruction, he sought just "a simple theft," arguing that the jury could have found that there was no weapon or show of force. The trial court responded, "What theft would I give them? I mean, I can't guess at a value. There's no auto theft, per se." We agree with the trial court that evidence of value was necessary to determine the grade of theft. Without such evidence, appellant did not establish his entitlement to an instruction on the lesser-included offense. *See Sanders v. State*, 664 S.W.2d 705, 709 (Tex. Crim. App. 1982) (op. on reh'g); *Bonner v. State*, 820 S.W.2d 25, 27 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

Appellant acknowledges in his brief that evidence of value is necessary to support a conviction for theft. Yet, citing *Williams v. State*, 314 S.W.3d 45 (Tex.

App.—Tyler 2010, pet. ref'd), appellant contends that he may still have been entitled to the instruction. In *Williams*, the defendant was accused of stealing various items from a car, including a compact disk player, several compact disks, and a cellular telephone. *Id.* at 47. The State charged the defendant with aggravated robbery because the defendant allegedly exhibited a pocket knife after two bystanders intervened. *Id.* The Tyler Court of Appeals held that the trial court erred by refusing a requested instruction on the lesser-included offense of theft, even though "[t]he value of the items in question here was not conclusively shown." *Id.* at 53. In its harm analysis, the court considered the likely value of the stolen property, noting that the defendant was sentenced within the range of a first degree felony, even though the value of the property taken could not have reasonably exceeded the limits of a misdemeanor theft. *See id.* ("[T]heft of property valued at less than $1,500 is a misdemeanor. Appellant would have had to steal property valued at $200,000 or more to have been eligible for punishment for a first degree felony, which is what he faced in this case.").

In this case, appellant was convicted of a second degree felony and sentenced to twenty years' imprisonment. To support a felony theft conviction in the second degree, the value of the truck must have exceeded $100,000. *See* Tex. Penal Code § 31.03(e)(6). For a theft conviction in the third degree, the property must have been valued between $20,000 and $100,000.[1] *See id.* § 31.03(e)(5). And for a state jail felony, the value must have fallen between $1,500 and $20,000.[2] *See id.* § 31.03(e)(4).

---

[1] A third degree felony with appellant's record would have carried a maximum sentence of twenty years' imprisonment.

[2] A state jail felony with appellant's record would have carried a maximum sentence of two years' imprisonment.

5

As a matter of common knowledge, an eight-year old truck is most likely to fall within the range of value for a state jail felony theft. However, a requested instruction cannot be supported by speculation alone. Our court has specifically held that a defendant is not entitled to an instruction on the lesser-included offense of theft without clear evidence of value in the record. *See Bonner*, 820 S.W.2d at 27. In *Bonner*, the defendant was charged with aggravated robbery after stealing merchandise from a Walmart. A witness described the stolen items as "tennis shoes and cigarettes and things." *Id*. The defendant requested that the jury receive an instruction for a Class A misdemeanor theft,[3] but the trial court refused. On appeal, we affirmed the defendant's conviction because the record contained no testimony of the value of the items stolen. *Id.*

The law has not changed since *Bonner*, so we must follow our own precedent. Because there is no evidence of the value of the truck stolen by appellant, we conclude that the trial court properly refused the request for an instruction on the lesser-included offense of theft. Accordingly, we overrule appellant's first issue.

## INAFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant asserts a claim for ineffective assistance of counsel, complaining of his counsel's failure to elicit testimony about the value of the stolen truck. But for this failure, appellant contends that the trial court would have granted his requested instruction on the lesser-included offense of theft.

We examine claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*,

---

[3] At the time of *Bonner*, a person committed a Class A misdemeanor theft if the value of the property taken was between $200 and $750. To support a felony conviction in the second degree, the defendant in *Bonner* would have had to have stolen property valued at over $20,000—unlikely based on the description of the goods.

6

appellant must prove that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Id.* at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. This deficiency will only deprive appellant of a fair trial when counsel's performance prejudices appellant's defense. *Id.* at 691–92. To demonstrate prejudice, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697. This test is applied to claims arising under both the United States and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

7

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). Moreover, "[i]t is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

The record does not reveal counsel's reasons for failing to elicit testimony of the truck's value. Appellant did not move for a new trial, and his trial counsel did not file an affidavit. However, trial counsel could have easily asked the complainant about the value of his truck or submitted other evidence pertaining to its value. As trial counsel was aware that theft was a lesser-included offense and wanted the jury instructed on it, we can think of no strategic reason for counsel's failure to examine the witnesses on this issue. As discussed above, our opinion in *Bonner* makes clear that there must be some evidence of value before a defendant may be entitled to an instruction on theft. But perhaps counsel relied on *Williams* in not eliciting the testimony.

With an ineffective assistance claim, appellant must still establish that he was prejudiced by counsel's deficient performance before he can be entitled to relief. To demonstrate prejudice, appellant must show a reasonable probability that the outcome of the proceedings would have been different—i.e., that the jury would have convicted him of theft, but not of robbery. For the reasons that follow, we conclude that appellant failed to satisfy this burden.

To support a conviction for robbery, the State was required to prove that appellant, while in the course of committing a theft, knowingly or intentionally threatened the complainant, or placed him in fear of imminent bodily injury or death. *See* Tex. Penal Code § 29.02(a)(2). Because appellant admitted that he stole the truck, the only question of fact was whether appellant threatened the complainant or placed him in fear of imminent bodily injury or death. Appellant denied that he did either, claiming that he stole the truck because the engine was already running and the truck was left unattended. The complainant, by contrast, testified that he had his keys on his person, and he only surrendered them after feeling threatened by appellant's actions. The jury was free to accept the complainant as a more credible witness. The jury heard the 911 tape, in which the complainant reported to having just been robbed by a Chicano male. A police officer testified that the complainant identified appellant at the scene of the arrest, thus corroborating the complainant's account. If the complainant had not been threatened, he would have been unable to identify appellant. The jury would have had to reject both the complainant's testimony and the officer's testimony. The State also established that appellant lied to authorities by giving conflicting stories of the events. Appellant's credibility was further diminished by evidence showing that he had prior convictions for theft and burglary of a motor vehicle. Based on the record as a whole, we conclude that appellant failed to demonstrate a

reasonable probability that the outcome of the proceedings would have been different but for counsel's failure to elicit testimony of the stolen truck's value. We overrule appellant's second issue.

## CONCLUSION

The judgment of the trial court is affirmed.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Donovan, and Brown.
Publish — Tex. R. App. P. 47.2(b).