**Affirmed and Memorandum Opinion filed June 29, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00436-CR

## RAFAEL ROJAS, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1619638**

## MEMORANDUM OPINION

Appellant Rafael Rojas entered a guilty plea without an agreed recommendation of punishment from the prosecutor and elected that the trial court assess his punishment for the offense of aggravated assault with a deadly weapon. After the presentence investigation hearing, the trial court sentenced him to five years' imprisonment in the Texas Department of Criminal Justice. In a single issue, appellant alleges that his trial counsel failed to render effective assistance of counsel during the punishment phase of trial. We affirm.

## Background

The facts of this case are not in dispute. On December 5, 2018, appellant arrived at Sabrina Bolado's[1] residence in the early morning and asked if he could use the restroom. Bolado allowed appellant into the residence. After using the restroom, appellant checked on his children in their bedrooms. Appellant also peered into his old bedroom where he discovered Paul Flores asleep in Bolado's bed. Appellant immediately went downstairs to his vehicle and came back with an object resembling a tire iron. Appellant returned to the room where Flores was asleep and began to strike him repeatedly with the object. Flores struggled to protect himself and locate his prescription glasses and cellphone. Flores managed to escape the apartment, and his injuries were treated at a nearby hospital. It was later discovered that Flores sustained a hairline fracture in his skull.

Appellant was charged by indictment for the offense of aggravated assault with a deadly weapon. On September 2, 2020, appellant entered a guilty plea without an agreed recommendation of punishment from the prosecutor to the offense charged in the indictment. Appellant also agreed with the affirmative finding that he used or exhibited a deadly weapon. Appellant elected that the trial court assess punishment following a presentence investigation report and hearing. After the presentence investigation hearing, the trial court sentenced appellant to five years' imprisonment.[2] Appellant filed this appeal, contending that his trial counsel rendered ineffective assistance of counsel at the punishment phase of trial.

---

[1] Appellant and Bolado were in a relationship for several years and had five children together. Both agreed they were "separated" from each other at the time of the incident forming the basis of the charged offense.

[2] At the presentence investigation hearing, appellant's trial counsel argued that appellant should be placed on deferred adjudication while the State argued that appellant should be sentenced to six years' imprisonment.

### *Discussion*

In appellant's sole issue on appeal, he asserts that his trial counsel failed to render effective assistance at the punishment phase of trial, alleging that trial counsel "gave bad advice and executed a strategy at punishment phase . . . based on a misunderstanding of law." We disagree.

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Claims of ineffective assistance of counsel are evaluated under the two-pronged *Strickland* test that requires a showing that counsel's performance was deficient and the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Essentially, appellant must show his counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. In most cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the alleged failings of trial counsel. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Judicial scrutiny of counsel's performance must be highly deferential, and we are to indulge a strong presumption that counsel was effective. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We presume counsel's actions and decisions were reasonably professional and that they were motivated by sound trial strategy. *Id.* Moreover, it is appellant's burden to rebut

this presumption by a preponderance of the evidence, through evidence illustrating why trial counsel did what he did. *Id.*

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect representation. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). It is not sufficient for the appellant to show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant "must show that counsel's errors were so serious that he was not functioning as counsel." *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995). We may not assume a lack of sound trial strategy on the part of trial counsel merely because we are unable to discern any particular strategic or tactical purpose in counsel's trial presentation. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). If appellant proves his counsel's representation fell below an objective standard of reasonableness, he still must affirmatively prove prejudice as a result of those acts or omissions. *Strickland*, 466 U.S. at 693. If appellant fails to make the required showing of either deficient performance or prejudice, his claim fails. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

In this case, presuming without deciding that counsel's performance was deficient, satisfying the first prong of *Strickland*, appellant's ineffective assistance claim still fails because the second *Strickland* prong is not satisfied. Appellant has not shown a reasonable probability that, but for counsel's presumptively deficient performance, the result of the trial would have been different. *See Strickland*, 466 U.S. at 694; *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

While the notion that an attorney would advise his client that he was eligible for probation when a statute unequivocally disallows it is presumptively deficient performance, appellant was eligible for a different category of community supervision—deferred adjudication. *See* Tex. Code Crim. Proc. art. 42A.054(b) (providing that judge-ordered community supervision "does not apply to a defendant when it shown that a deadly weapon . . . was used or exhibited."); *see also id.* art. 42A.053(a) ("[T]he judge may . . . defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision."). The record reflects that counsel unequivocally requested that the trial court sentence appellant to deferred adjudication. Additionally, appellant's punishment was well within the statutory range. *See* Tex. Penal Code § 12.33 ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years."). Given appellant's history of multiple arrests and convictions for violent acts against separate family members, the trial court could have considered these aggravating factors in imposing appellant's sentence of five years' imprisonment. Thus, we are not persuaded that the outcome of the trial would have been different.

Accordingly, we find that appellant's sole issue on appeal is without merit and conclude that he failed to establish the "prejudice" part of the *Strickland* test. *See, e.g.*, *Ramirez v. State*, 422 S.W.3d 898, 903–04 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *see also Strickland*, 466 U.S. at 696.

## *Conclusion*

Because appellant has not met his burden to show ineffective assistance, we overrule appellant's only issue on appeal and affirm the trial court's judgment.

/s/     Frances Bourliot
Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — TEX. R. APP. P. 47.2(b).